UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIAN D. KNIFF,

        Petitioner,        Case No. 1:08-cv-288

v.        Honorable Robert Holmes Bell

BLAINE C. LAFLER,

        Respondent.
_____/

**REPORT AND RECOMMENDATION**

        This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, I recommend that the petition be dismissed for lack of merit in the grounds presented.

**Discussion**

    I.       Factual allegations

Petitioner Brian D. Kniff is incarcerated with the Michigan Department of Corrections and housed at the Carson City Correctional Facility. He is serving a term of imprisonment of three to five years, imposed by the Kent County Circuit Court on January 9, 2006, after he pleaded guilty to third offense drunk driving, a felony. MICH. COMP. LAWS § 257.625(6)(d).

According to the brief in support of his petition, Petitioner's sentence was imposed concurrently with his sentence on a parole violation for an earlier drunk driving offense. At the time of the original sentence, the court stated that it was crediting Petitioner with twelve months of time served on the parole violation, but with only one day of credit on the third-offense drunk driving. When the judgment of sentence issued, however, it credited Petitioner with twelve months of time served on both the probation violation and the third-offense drunk driving. On March 21, 2007, following an inquiry from the Michigan Department of Corrections, the trial court entered an amended sentence correcting the erroneous judgment and crediting Petitioner with twelve months of time only on the probation violation.

Petitioner filed a delayed application for leave to appeal his conviction to the Michigan Court of Appeals, contending that his right to due process had been violated by an amended judgment filed so late as to vitiate his legitimate expectations. The court of appeals denied leave to appeal on July 25, 2007, for lack of merit in the grounds presented. Petitioner sought leave to appeal to the Michigan Supreme Court. The supreme court denied leave to appeal on November 29, 2007. Petitioner filed his initial habeas application on March 26, 2008, and his amended application on April 17, 2008.

II.     Standard of Review

This action is governed by the Antiterrorism and Effective Death Penalty Act, PUB. L. 104-132, 110 STAT. 1214 (AEDPA).  *See Penry v. Johnson*, 532 U.S. 782, 791 (2001), *cert. denied, Texas v. Penry*, 547 U.S. 1200 (2006). The AEDPA "prevents federal habeas 'retrials'" and ensures that state court convictions are given effect to the extent possible under the law.  *Bell v. Cone*, 535 U.S. 685, 693-94 (2002).  The AEDPA has "drastically changed" the nature of habeas review.  *Bailey v. Mitchell*, 271 F.3d 652, 655 (6th Cir. 2001).  An application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding."  28 U.S.C. § 2254(d).

The AEDPA limits the source of law to cases decided by the United States Supreme Court.  28 U.S.C. § 2254(d).  This Court may consider only the "clearly established" holdings, and not the dicta, of the Supreme Court.  *Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Bailey*, 271 F.3d at 655.  In determining whether federal law is clearly established, the Court may not consider the decisions of lower federal courts.  *Bailey*, 271 F.3d at 655; *Harris v. Stovall*, 212 F.3d 940, 943 (6th Cir. 2000).  "Yet, while the principles of 'clearly established law' are to be determined solely by resort to Supreme Court rulings, the decisions of lower federal courts may be  instructive in assessing the reasonableness of a state court's resolution of an issue."  *Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007).  The inquiry is "limited to an examination of the legal landscape as it would have

appeared to the Michigan state courts in light of Supreme Court precedent at the time [the petitioner's] conviction became final." *Onifer v. Tyszkiewicz*, 255 F.3d 313, 318 (6th Cir. 2001).

A decision of the state court may only be overturned if (1) it applies a rule that contradicts the governing law set forth by the Supreme Court, (2) it confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at a different result; (3) it identifies the correct governing legal rule from the Supreme Court precedent but unreasonably applies it to the facts of the case; or (4) it either unreasonably extends a legal principle from Supreme Court precedent to a new context where it should not apply or unreasonably refuses to extend a principle to a context where it should apply. *Bailey*, 271 F.3d at 655 (citing *Williams*, 529 U.S. at 413); *see also Bell*, 535 U.S. at 694; *Lancaster v. Adams*, 324 F.3d 423, 429 (6th Cir. 2003).

A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Williams*, 529 U.S. at 411; *accord Bell*, 535 U.S. at 699. Rather, the issue is whether the state court's application of clearly established federal law is "objectively unreasonable." *Williams*, 529 U.S. at 410.

Where the state court has not articulated its reasoning, the federal courts are obligated to conduct an independent review to determine if the state court's result is contrary to federal law, unreasonably applies clearly established law, or is based on an unreasonable determination of the facts in light of the evidence presented. *See Harris*, 212 F.3d at 943; *McKenzie v. Smith*, 326 F.3d 721, 727 (6th Cir. 2003). Where the circumstances suggest that the state court actually considered the issue, the review is not *de novo*. *Onifer*, 255 F.3d at 316. The review remains deferential

because the court cannot grant relief unless the state court's result is not in keeping with the strictures of the AEDPA. *Harris*, 212 F.3d at 943.

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). A determination of a factual issue made by a state court is presumed to be correct, and the petitioner has the burden of rebutting the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Lancaster*, 324 F.3d at 429; *Bailey*, 271 F.3d at 656. This presumption of correctness is accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989). Applying the foregoing standards under the AEDPA, I find that Petitioner is not entitled to relief.

### III. Analysis

In his amended habeas application, Petitioner raises three grounds for relief. First, Petitioner contends that the trial court abused its discretion by departing upward from the guidelines sentencing range without compelling reasons to do so, and, alternatively, that such upward departure was excessive. Under this first habeas ground, Petitioner also asserts that entry of the belated amended judgment violated his right to due process. Second, Petitioner asserts that his sentence was imposed in violation of his Sixth Amendment rights under *Blakely v. Washington*, 542 U.S. 296 (2004). Third, he argues that he was denied the effective assistance of trial counsel when his attorney failed to object to plain error in sentencing.[1]

---

[1] It appears from the attachments to the petition that, in his applications for leave to appeal to the Michigan Court of Appeals and the Michigan Supreme Court, Petitioner raised only one claim: that the imposition of an amended judgment of sentence on March 21, 2007 violated his rights under the Due Process Clause of the Fourteenth Amendment. As a result, Petitioner's remaining claims are not properly exhausted in the state courts. *See* 28 U.S.C. § 2254(b)(1)(A) (barring the grant of a habeas petition where the petitioner has failed to exhaust the remedies available in the state courts). The Court, however, may deny a petition on the merits notwithstanding the failure to exhaust. *See* 28 U.S.C.

### A.     Sentencing guidelines

Claims concerning the improper scoring of sentencing guidelines are state law claims and typically are not cognizable in habeas corpus proceedings. *See Hutto v. Davis*, 454 U.S. 370, 373-74 (1982) (federal courts normally do not review a sentence for a term of years that falls within the limits prescribed by the state legislature); *Austin v. Jackson*, 213 F.3d 298, 301-02 (6th Cir. 2000) (alleged violation of state law with respect to sentencing is not subject to federal habeas relief); *Cheatham v. Hosey*, No. 93-1319, 1993 WL 478854, at *2 (6th Cir. Nov. 19, 1993) (departure from sentencing guidelines is an issue of state law, and, thus, not cognizable in federal habeas review); *Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999) (the sentencing guidelines establish only rules of state law).  There is no constitutional right to individualized sentencing.  *United States v. Thomas*, 49 F.3d 253, 261 (6th Cir. 1995).  Moreover, a criminal defendant has "no federal constitutional right to be sentenced within Michigan's guideline minimum sentence recommendations." *Doyle v. Scutt*, 347 F. Supp. 2d 474, 485 (E.D. Mich. 2004); *accord Lovely v. Jackson*, 337 F. Supp. 2d 969, 977 (E.D. Mich. 2004); *Thomas v. Foltz*, 654 F. Supp. 105, 106-07 (E.D. Mich. 1987).  As a consequence, Petitioner's claim that the sentencing court erred in applying a sentencing enhancement is not cognizable on habeas review.

To the extent Petitioner suggests that the upward departure was so excessive as to violate the Eighth Amendment, his claim also is without merit.  The United States Constitution does not require strict proportionality between a crime and its punishment.  *Harmelin v. Michigan*, 501 U.S. 957, 965 (1991); *United States v. Marks*, 209 F.3d 577, 583 (6th Cir. 2000). "Consequently,

---

§ 2254(b)(2).  Because Petitioner's claims lack merit on their face, I have addressed the claims on their merits without first requiring exhaustion.

only an extreme disparity between crime and sentence offends the Eighth Amendment." *Marks*, 209 F.3d at 583. A sentence that falls within the maximum penalty authorized by statute "generally does not constitute 'cruel and unusual punishment.'" *Austin v. Jackson*, 213 F.3d 298, 302 (6th Cir. 2000) (quoting *United States v. Organek*, 65 F.3d 60, 62 (6th Cir. 1995)). Furthermore, "[f]ederal courts will not engage in a proportionality analysis except in cases where the penalty imposed is death or life in prison without possibility of parole." *United States v. Thomas*, 49 F.3d 253, 261 (6th Cir. 1995). Petitioner was not sentenced to death or to life in prison without the possibility of parole. Therefore, Petitioner's sentence does not run afoul of the Eighth Amendment's ban of cruel and unusual punishment.

Petitioner, in his attachments, next argues that the trial court violated his Fourteenth Amendment right to due process by issuing an amended sentence on March 21, 2007, fourteen months after the sentencing hearing. Petitioner acknowledges that the trial court properly counted jail credit and orally imposed the sentence ultimately contained in the amended judgment. He also acknowledges that MICH. CT. R. 6.435(A) allowed the sentencing court to correct a clerical mistake at any time on its own initiative or on motion of a party. He nevertheless argues that, by March 21, 2007, he had a fixed expectation regarding his sentence that was protected by due process.

In support of his claim, Petitioner relied upon *Breest v. Helgemoe*, 579 F.2d 95, 101 (1st Cir. 1978), where the court held that "the power of a sentencing court to correct even a statutorily invalid sentence must be subject to some temporal limit." In *Breest*, the court denied habeas relief on the petitioner's double jeopardy and *ex post facto* claims. The court noted in dictum, however, that due process concerns arguably may be implicated in certain circumstances:

- 7 -

> After a substantial period of time, therefore, it might be fundamentally unfair, and thus violative of due process for a court to alter even an illegal sentence in a way which frustrates a prisoner's expectations by postponing his parole eligibility or release date far beyond that originally set.

*Id.* The *Breest* court, however, did not decide the question, as the time period in issue in that case clearly was permissible. *Id.* Other circuits have acknowledged the potential applicability of *Breest*, though they have found no due process violation on the facts of the cases before them. *See Baker v. Barbo*, 177 F.3d 149, 158 (3d Cir. 1999) (acknowledging the theoretical claim, but concluding that due process was not implicated on the facts of the case); *United States v. Lundien*, 769 F.2d 981, 987 (4th Cir. 1985) (same).

The Supreme Court never has held that due process may be violated by a delay in correcting a sentence. As previously discussed, habeas corpus relief may only be granted where state court decisions are contrary to or an unreasonable application of established Supreme Court precedent. *See* 28 U.S.C. § 2254(d); *Williams*, 529 U.S. at 412; *Bailey*, 271 F.3d at 655. Lower court dictum is obviously insufficient to support habeas relief under AEDPA. Where no Supreme Court decision establishes the right, the state court's rejection of Petitioner's due process claim clearly is neither contrary to nor an unreasonable application of established Supreme Court precedent.

    **B.**  *Blakely* **claim**

In his second ground for habeas relief, Petitioner argues that the trial court judge violated his Sixth Amendment right to a trial by jury by using facts to enhance his sentence that had not been admitted by Petitioner or found by a jury beyond a reasonable doubt. Petitioner bases his argument largely on the United States Supreme Court holding in *Blakely*, 542 U.S. 296. *Blakely*

concerned the State of Washington's determinate sentencing system, which allowed a trial judge to elevate the maximum sentence permitted by law on the basis of facts not found by the jury but by the judge. Applying the Washington mandatory sentencing guidelines, the trial judge found facts that increased the maximum sentence faced by the defendant. The Supreme Court held that this scheme offended the Sixth Amendment, because any fact that increases or enhances a penalty for the crime beyond the prescribed statutory maximum for the offense must be submitted to the jury and proven beyond a reasonable doubt. *Blakely,* 542 U.S. at 301 (citing *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000)).

Unlike the State of Washington's determinate sentencing system, the State of Michigan has an indeterminate sentencing system in which the defendant is given a sentence with a minimum and a maximum term. The maximum sentence is not determined by the trial judge, but is set by law. *See People v. Drohan,* 715 N.W.2d 778, 789-91 (Mich. 2006) (citing MICH. COMP. LAWS § 769.8). Only the minimum sentence is based on the applicable sentencing guideline range. *Id.*; *see also People v. Babcock*, 666 N.W.2d 231, 236 n.7 (Mich. 2003) (citing MICH. COMP. LAWS § 769.34(2)). Therefore, under Michigan law, the trial judge sets the minimum sentence (within a certain range), but can never exceed the maximum sentence. *Drohan,* 715 N.W.2d at 789.

Because the trial court can never exceed the maximum sentence set by statute, Michigan's indeterminate sentencing scheme, unlike the determinate sentencing scheme at issue in *Blakely*, does not infringe on the province of the finder of fact, and, thus, does not run afoul of the Supreme Court's holding in *Blakely*. *See Blakely,* 542 U.S. at 304-05, 308-09. Numerous decisions of the District Courts in Michigan therefore reject any Sixth Amendment challenge to the state's indeterminate sentencing system. *See, e.g., Gray v. Bell*, No. 1:06-cv-611, 2007 WL 172519, at *3

(W.D. Mich. Jan. 19, 2007); *Pettiway v. Palmer,* No. 1:06-cv-132, 2006 WL 1430062, at *1 (W.D. Mich. May 23, 2006); *Stanley v. Jones,* No. 1:06-cv-49, 2006 WL 1459832, at *2 (W.D. Mich. May 23, 2006); *Jones v. Trombley*, No. 2:07-cv-10139, 2007 WL 405835, at *3 (E.D. Mich. Jan. 31, 2007); *Mays v. Trombley*, No. 2:06-cv-14043, 2006 WL 3104656, at *3 (E.D. Mich. Oct. 31, 2006); *Worley v. Palmer,* No. 2:06-cv-13467, 2006 WL 2347615, * 2 (E.D. Mich. Aug. 11, 2006); *George v. Burt*, No. 2:04-cv-74968, 2006 WL 156396, at *5 (E.D. Mich. Jan. 20, 2006); *Walton v. McKee*, No. 2:04-cv-73695, 2005 WL 1343060, at *3 (E.D. Mich. June 1, 2005).

### C.    Ineffective assistance of counsel

In his final ground for relief, Petitioner contends that his trial attorney rendered ineffective assistance by "fail[ing] to object to plain error at sentencing." (Am. Pet. at 9.) Although Petitioner does not elaborate on his claim, he appears to suggest that counsel was ineffective for failing to object to the enhancement of his sentence under the guidelines and failing to raise a *Blakely* claim.

In *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984), the Supreme Court established a two-prong test by which to evaluate claims of ineffective assistance of counsel. To establish a claim of ineffective assistance of counsel, the petitioner must prove: (1) that counsel's performance fell below an objective standard of reasonableness; and (2) that counsel's deficient performance prejudiced the defendant resulting in an unreliable or fundamentally unfair outcome. A court considering a claim of ineffective assistance must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. The defendant bears the burden of overcoming the presumption that the challenged action might be considered sound trial strategy. *Id.* (citing *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)); *see also*

*Nagi v. United States*, 90 F.3d 130, 135 (6th Cir. 1996) (holding that counsel's strategic decisions were hard to attack). The court must determine whether, in light of the circumstances as they existed at the time of counsel's actions, "the identified acts or omissions were outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690. Even if a court determines that counsel's performance was outside that range, the defendant is not entitled to relief if counsel's error had no effect on the judgment. *Id.* at 691. A claim of ineffective assistance of counsel presents a mixed question of law and fact. Accordingly, the Court must apply the "unreasonable application" prong of § 2254(d)(1). *See Barnes v. Elo*, 339 F.3d 496, 501 (6th Cir. 2003).

Petitioner has failed to articulate a constitutional error in his sentencing. As a result, he cannot demonstrate that he was prejudiced by any aspect of counsel's performance. His claim of ineffective assistance of counsel therefore must fail. *See Campbell v. United States*, 364 F.3d 727, 730 (6th Cir. 2004) (quoting *Strickland*, 466 U.S. at 697) ("When deciding ineffective-assistance claims, courts need not address both components of the inquiry 'if the defendant makes an insufficient showing on one.'").

## Recommended Disposition

For the foregoing reasons, I recommend that the habeas corpus petition be summarily dismissed pursuant to Rule 4 for lack of merit in the grounds presented. I further recommend that a certificate of appealability be denied. *See Slack v. McDaniel*, 529 U.S. 473 (2000).


Dated:  May 1, 2008                    /s/  Joseph G. Scoville
                                       United States Magistrate Judge

## **NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).