UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIAN D. KNIFF,

        Petitioner,

                                  Case No. 1:08-CV-288

v.

                                  HON. ROBERT HOLMES BELL

BLAINE C. LAFLER,

        Respondent.
                                 /

## ORDER ADOPTING REPORT AND RECOMMENDATION
## AND DISMISSING PETITION FOR WRIT OF HABEAS CORPUS

This matter is before the Court on a Petitioner Brian D. Kniff's objections to the Magistrate Judge's May 1, 2008, Report and Recommendation ("R&R") recommending that Petitioner's § 2254 petition for writ of habeas corpus be dismissed with prejudice pursuant to Rule 4 of the Rules Governing § 2254 Cases, because it plainly appears from the petition and the attached exhibits that the petition lacks merit on the grounds presented. (Dkt. No. 6.) Petitioner filed objections to the R&R on May 29, 2008. (Dkt. No. 8.)

This Court is required to make a de novo determination of those portions of the R&R to which objection has been made, and may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Although the Magistrate Judge's R&R is reviewed de novo, this Court must review the state court proceedings consistent with the standards set forth in 28 U.S.C. § 2254.

Petitioner contends that the R&R erroneously concluded that a due process violation was harmless error. Petitioner cites *Doggett v. United States*, 505 U.S. 647 (1992), in support of the proposition that the need to establish prejudice decreases as the length of delay increases. Petitioner contends that he was prejudiced because the MDOC waited until Petitioner was about to be released from custody before seeking a correction of Petitioner's sentence.

Petitioner misreads the R&R. The R&R does not recommend rejection of Petitioner's due process claim based upon a lack of prejudice. Instead, the R&R recommends rejection of Petitioner's due process claim because there is no established Supreme Court precedent holding that due process may be violated by a delay in correcting a sentence. An application for a writ of habeas corpus under § 2254 "shall not be granted" unless the adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d). Petitioner has not challenged the Magistrate Judge's determination that there is no established Supreme Court precedent holding that due process may be violated by a delay in correcting a sentence.

Petitioner does not challenge the R&R's analysis with respect to his *Blakely* and ineffective assistance of counsel claims. Petitioner indicates that he would dismiss these arguments as they were merely an articulation of new case law and were included to preserve any claim that his sentence runs afoul of *Blakely*. (Pet.'s Obj. ¶¶ 4-5.) Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's objections to the Report and Recommendation of the Magistrate Judge (Dkt. No. 8) are **DENIED**.

**IT IS FURTHER ORDERED** that the May 1, 2008, Report and Recommendation of the Magistrate Judge (Dkt. No. 6) is **APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Petitioner's petition for writ of habeas corpus (Dkt. No. 1) is **SUMMARILY DISMISSED WITH PREJUDICE** pursuant to Rule 4 for lack of merit in the grounds presented.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**. *Slack v. McDaniel*, 529 U.S. 473 (2000).


Dated: October 30, 2008              /s/ Robert Holmes Bell
                                     ROBERT HOLMES BELL
                                     UNITED STATES DISTRICT JUDGE